11-505-ag
Jin v. Holder

BIA
Hom, IJ
A089 198 421

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand twelve.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
            *Circuit Judges*.

_____

YULAN JIN,
        *Petitioner*,

        v.                                          11-505-ag
                                                    NAC
ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:         Lewis G. Hu, New York, NY

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General, Civil Division; Richard M.
                        Evans, Assistant Director, Office of
                        Immigration Litigation; Christina

**Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yulan Jin, a native and citizen of the People's Republic of China, seeks review of a January 13, 2011, order of the BIA, affirming the May 12, 2009, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yulan Jin*, No. A089 198 421 (B.I.A. Jan. 13, 2011), *aff'g* No. A089 198 421 (Immig. Ct. N.Y. City May 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). "[W]e uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513

2

(2d Cir. 2009) (internal quotation marks and citations omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary[.]").  "By contrast, we review *de novo* questions of law and the BIA's application of law to undisputed fact." Yanqin Weng, 562 F.3d at 513  (internal quotation marks and brackets omitted).

Because Jin does not challenge the agency's pretermission of her asylum application as untimely, the only issues before this Court are Jin's challenges to the agency's denial of withholding of removal and CAT relief. We find that the agency's denial of relief is supported by substantial evidence.

The agency reasonably determined that Jin failed to demonstrate that the harm she suffered as a result of her participation in a public protest against her government employer's alleged corruption constituted persecution on account of her political opinion. 8 U.S.C. § 1158(b)(1)(B)(i).  For withholding-of-removal applications governed by the REAL ID Act, "the applicant must establish that race, religion, nationality, membership in a particular

3

social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 350 (BIA 2010) (applying the "one central reason" provision to withholding of removal as well as asylum claims).

Here, Jin argues that her arrest for participating in a public protest of the alleged corruption of her government employer constituted persecution for her political opinion. However, substantial evidence supports the agency's conclusion that the protest did not reflect political opposition to the government policy, but rather an objection to particular acts of her individual managers. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 548 (2d Cir. 2005) (holding that a challenge to institutional corruption can constitute a political opinion, as opposed to "a challenge to isolated, aberrational action of greed or malfeasance"). Moreover, Jin presented no evidence of her arresting officers' motives, testifying only that she had been informed that she was arrested because she had disturbed the peace. *See id*. at 545-46. Accordingly, the agency did not err in finding that Jin failed to demonstrate that her mistreatment was

4

based on political opinion, as is required to establish eligibility for relief.

The agency also reasonably found that Jin failed to demonstrate that it was more likely than not she would face persecution in China based on her attendance at a pro-democracy rally in the United States.  8 U.S.C. § 1231(b)(3)(A); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008).  Jin testified that because her husband never received a letter in which she described attending a political demonstration, she assumed that the Chinese authorities had intercepted it.  The IJ properly concluded that such speculation was insufficient to establish that the government was aware of her pro-democracy activities.  *Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").  Although Jin offered a letter from her husband stating that the Chinese police had warned him that Jin would be punished if she continued to participate in pro-democracy activities, the IJ did not err in declining to accord weight to this unsworn letter.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).  In any event, the agency

5

reasonably concluded that Jin failed to demonstrate that, because the threat of punishment was based on Jin's continued participation in such activities, and Jin testified that she never again observed or participated in any later demonstrations, the letter does not demonstrate that she had an objectively reasonable fear of future persecution.

Because Jin's claims were based on the same factual predicate, the same rationale supports the agency's denial of CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6